## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JUSTIN PETER BENAVENTE,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0678-23**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 13, 2025, for hearing on Defendant Justin Peter Benavente's ("Benavente") Motion to Sever. Present were Assistant Attorney General Grant Olan on behalf of the People of Guam ("the Government") and Benavente with counsel, Joaquin C. Arriola, Jr. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On October 27, 2023, Benavente was indicted with one count of Third Degree Criminal Sexual Conduct (As a Second Degree Felony). (Indictment, Oct. 27, 2023). The Indictment also charged a co-actor, Scott Duenas III ("Duenas") with two counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony).[1] *Id.* The Court previously denied Co-Defendant Duenas's

---

[1] Although the Government subsequently obtained a Superseding Indictment from the grand jury on March 7, 2025, no additional charges were added nor were any charges removed. The Superseding Indictment changed the language within the body of the charges from "T.F. (DOB: 10/19/1989) was mentally defective or mentally incapacitated or physically helpless" to "T.F. (DOB: 10/19/1989) was mentally impaired, mentally incapacitated, or physically helpless." *Compare* Indictment, Oct. 27, 2023 *with* Superseding Indictment, Mar. 7, 2025.

Motion to Sever Defendants.[2] *See* Dec. & Order, May 25, 2024. Jury Selection and Trial is currently set to commence on April 2, 2025 for both defendants. The trial date was set after Duenas asserted his right to a speedy trial. *See* Assertion of Speedy Trial (Duenas), Feb. 5, 2025; Third Amended Criminal Trial Scheduling Order, Feb. 5, 2025.

On February 20, 2025, Benavente filed the instant Motion. On February 24, 2025, the Government filed its Opposition. On March 5, 2025, Benavente filed his Reply.

On March 10, 2025, Benavente asserted his right to a speedy trial. *See* Statement Re: Speedy Preliminary Examination, Indictment and Speedy Trial, Mar. 10, 2025.

On March 13, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Benavente moves the Court to sever his trial from that of Duenas pursuant to 8 G.C.A.§ 65.35. Pursuant to section 65.35:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court *may* order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35 (emphasis added).[3] There is a general preference for joint trials of defendants who are indicted together, as joint trials serve a number of purposes:

---

[2] Duenas moved the Court to sever his trial from Benavente because "the jury may not reasonably be expected to collate and appraise the individual evidence against each defendant, and joint trial would compromise Defendant Duenas's Sixth Amendment Right to confront Defendant Benavente." (Duenas Mot. Sever at 4, Jan. 17, 2024). The Court ultimately determined that it was "not persuaded that Duenas will be clearly, manifestly, or unduly prejudiced by being tried jointly with Benavente" (Dec. & Order at 4, May 29, 2024) and that it did "not find that Duenas has presented any statements by Benavente that directly refer to or implicate him." *Id.* at 5.

[3] Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 65.35, Note. Rule 14(a) provides:

> (a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As such, the Court may turn to federal case law interpreting the analogous federal rules for guidance. *See, e.g., Sumitomo Constr. Co., Ltd. v. Zhong Ye, Inc.,* 1997 Guam 8 ¶ 7 ("Generally, when a legislature adopts a statute which

---

It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). The trial court has great discretion when ruling on a motion to sever. *United States v. Kabbaby*, 672 F.2d 857, 861 (11th Cir. 1982) (citation omitted); *see also United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979) ("the judge considering a motion for severance must balance the right of a defendant to a fair trial against the interests of judicial economy. This balancing process is within the discretion of the trial judge . . ."). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted).

Benavente argues that severance is appropriate in this matter because "a serious potential avenue for each defense is that the alleged victim was confused and that the other Defendant committed the charged acts" which "would render a joint trial prejudicial to Defendant Benavente's right to a fair trial." (Mot. Sever at 5, Feb. 20, 2025). Benavente also sets forth that "[t]he discovery demonstrates that the alleged victim had an amicable, and possibly a romantic and/or sexual past relationship with Defendant Duenas. She had no prior relationship with Defendant Benavente." *Id.* Benavente argues that "[a] jury could determine that because Defendant Duenas knew the victim, and potentially knew her intimately, he had a better gauge on her incapacity or physical helplessness. Defendant Benavente plans to make this point a pivotal

---

is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction. This rule of construction is useful in helping the judiciary interpret statutes adopted from federal acts.").

part of his defense. This is a mutually antagonistic defense because if the jury believes Defendant Benavente had no prior knowledge of how the victim normally behaved, then her level of intoxication is less forceful, than with Defendant Duenas." (Reply at 2, Mar. 5, 2025).

"Mutually antagonistic defenses are not prejudicial *per se.*" *Zafiro,* 506 U.S. at 538 (1993). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39. Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," must the Court grant severance. *Id.* at 539. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996) (citation omitted).

In this case, Benavente is charged with committing Third Degree Criminal Sexual Conduct by engaging in fellatio with T.F. on or about August 25, 2023 and Duenas is charged with committing Third Degree Criminal Sexual Conduct by having sexual intercourse and anal intercourse with T.F. the same day. (Superseding Indictment, Mar. 7, 2025). Both are alleged to have done so knowing or having reason to know that T.F. was mentally impaired, mentally incapacitated, or physically helpless. *Id.* The Government sets forth in its Opposition that "[n]othing in the case suggests that Defendant Duenas claims of innocence upon Duenas's assertion that the criminal acts charged against Duenas, while the victim was incapacitated, were not committed by Duenas but rather only by Benavente." (Opp'n at 8). Further, even if "a jury found that Defendant Duenas was not involved in raping the victim, such a finding of acquittal of Defendant Duenas does not necessitate that the jury finds Benavente performed sexual acts upon the victim." *Id.* at 10. At this time, the Court does not find that Benavente has shown that the core of Duenas's defense is so irreconcilable with the core of his own defense that the acceptance of Duenas's theory by the jury precludes acquittal. The Court finds that a jury will be able to assess guilt or innocence of each defendant on an individual and independent basis, and that it

will be possible for the jury to find that both, neither, or only one of the defendants committed the alleged acts. Thus, at this time, it is not clear that the defense of one defendant will necessarily indicate the guilt of the other. Additionally, "[a]ny potential prejudice may be resolved through the use of limiting jury instructions." *Richardson*, 481 U.S. at 211. "Juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 540 (citation omitted). Without more, the Court finds that the use of limiting jury instructions will be sufficient to cure any possible prejudice. At trial, the Court will instruct the jury that it must consider the evidence against each defendant and evaluate each defendant's guilty separately. Accordingly, the Court will not grant severance on this basis.

Benavente also argues severance is appropriate because he waived his right to a speedy trial and is pending DNA testing results from the Government which is relevant to his defense and will likely not be available prior to trial in light of Duenas's assertion. (Mot. Sever at 5). Benavente states that "Defendant Duenas has demanded a speedy trial, before the DNA evidence results are expected and before Defendant Benavente has reviewed the material with a DNA expert for the Defense." (Reply at 3).

Five days after Benavente filed his Reply to the Government's Opposition, he also asserted his right to a speedy trial. *See* Statement Re: Speedy Preliminary Examination, Indictment and Speedy Trial, Mar. 10, 2025. Accordingly, the Court finds no basis for severance based on Benavente's argument that he waived speedy trial and will not have necessary DNA evidence prior to the commencement of trial in light of Duenas's assertion.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Benavente's Motion to Sever.

**IT IS SO ORDERED** this 24th day of March, 2025.

SERVICE VIA E-MAIL
I acknowledge that an electronic
Copy of the original was e mailed to
AG , Arriola

Date 3/24/25  Time 2:16p~
Albert Calvo en
Deputy clerk , Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Benavente & Duenas*
Case No. CF0678-23
Decision and Order